# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KEVIN SCOTT TURNER,<br><br>        Plaintiff,<br><br>v.<br><br>INDIANA DEPARTMENT OF CORRECTIONS et al.,<br><br>        Defendants. | Civil Action No. 3:13-CV-198-JVB |

## OPINION AND ORDER

Kevin Scott Turner, a prisoner proceeding pro se, has filed the Complaint in this case pursuant to 42 U.S.C. § 1983, which the Court now screens under 28 U.S.C. § 1915A.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). The screening obligation requires the Court to review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Turner's Complaint names three defendants: the Indiana Department of Corrections, Unit Team Manager Pam Bane, and Internal Affairs Officer Hough. The Eleventh Amendment precludes lawsuits in federal court against a state agency for money damages unless Congress has abrogated the State's immunity from suit or the state has consented to suit. *MCI*

*Telecommc'ns Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999). Indiana has not consented to this suit, and Congress did not abrogate its immunity through the enactment of Section 1983. *See Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005). Therefore the Indiana Department of Corrections must be dismissed.

Turner alleges that Unit Team Manager Pam Bane ignored his request for protective custody on December 5, 2012, when he was transferred within the prison from A Cellhouse to B Cellhouse. Turner claims this resulted in a violation of his constitutional rights when he was attacked by a masked inmate with an unidentified weapon on December 25, 2012, in B cellhouse. When an inmate is attacked by another inmate, the Eighth Amendment is violated if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Vague and generalized fear of future harm based on a past attack is not sufficient to establish liability. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008). Mere negligence does not satisfy the "deliberate indifference" standard. *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994).

Turner has attached a copy of his protective-custody request. In it he claims he was being targeted by members of two gangs, the Vice Lords and the Gangster Disciples. Turner says they wanted to harm him because he was listed as a witness in two death-penalty cases. He did not identify anyone in B cellhouse who was a member of either gang. Rather, he claimed they were housed throughout the prison. He made no mention of whether there were any members of either

2

gang in A cellhouse. Though it is not entirely clear this sufficed to put Bane on notice that Turner was at substantial risk of serious harm, he has, by the pro se standard, stated a plausible monetary damages claim against her in her individual capacity for failing to protect him from attack by fellow inmates on December 25, 2012.

Turner also alleges that his mother called Internal Affairs Officer Hough on December 21, 2012, "and expressed her concern about [his] personal safety." Turner says Hough promised to come talk to him, but did not. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations, and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

Here, Turner has not plausibly alleged that Officer Hough was deliberately indifferent. Though his mother expressed a generalized fear about his safety, that is not sufficient to put a prison official on notice that an actual risk of attack exists. This is so because "[p]risons are

dangerous places." *McGill v. Duckworth*, 944 F.2d 344, 345 (7th Cir. 1991), *subsequent changes in law recognized in Haley v. Gross*, 86 F.3d 630 (7th Cir. 1996). "Some level of brutality . . . is inevitable no matter what the guards do." *McGill*, 944 F.2d at 348.

> [B]ecause violence is inevitable unless all prisoners are locked in their cells 24 hours a day and sedated (a "solution" posing constitutional problems of its own) it will always be possible to say that the guards "should have known" of the risk. Indeed they should, and do. Applied to a prison, the objective "should have known" formula of tort law approaches absolute liability, rather a long distance from the Supreme Court's standards in *Estelle* and its offspring.

*Id.* Therefore, "[t]his lack of specificity falls below the required notice an officer must have for liability to attach for deliberate indifference." *Klebanowski v. Sheahan*, 540 F.3d 633, 640 (7th Cir. 2008). Thus, Internal Affairs Officer Hough must be dismissed.

For the foregoing reasons, the Court:

(1) **GRANTS** Kevin Scott Turner leave to proceed against Unit Team Manager Pam Bane, in her individual capacity, for monetary damages, for failing to protect him from attack by fellow inmates on December 25, 2012, in violation of the Eighth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** the Indiana Department of Corrections and Internal Affairs Officer Hough;

(4) **DIRECTS** the Clerk to transmit the summons and USM-285 for Unit Team Manager Pam Bane to the United States Marshals Service along with a copy of the Complaint and this Order;

(5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Unit Team Manager Pam Bane; and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), Unit Team Manager Pam Bane to respond, as provided for in the Federal Rules of Civil Procedure and Local Rule 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this Screening Order.

**SO ORDERED** on April 11, 2013.

 s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE